UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

    Carol R. Mobley,

        Debtor.

_____/

Case No. 11-49079
Chapter 13
Hon. Walter Shapero

## OPINION REGARDING TRUSTEE'S OBJECTIONS TO CONFIRMATION

The matter before the Court is the Trustee's Objection to Confirmation of Debtor's Proposed Chapter 13 Plan (Docket No. 21). The limited issue before the Court is whether the $20,000 proceeds from a personal injury lawsuit, an asset she received pre-petition and fully exempted, constitutes "disposable income" available to fund her Chapter 13 Plan pursuant to 11 U.S.C. § 1325(b)(1) and (2). The Trustee also raised an objection based on bad faith pursuant to 11 U.S.C. § 1325(a)(3) and (7) at the confirmation hearing and in her post-hearing brief. As the Court indicated at the confirmation hearing, the Court is only considering the "disposable income" issue at this time. For the reasons set forth in this opinion, the Trustee's Objection is overruled with respect to the "disposable income" objection.

### I. BACKGROUND AND FACTS

Carol Mobley ("Debtor") received a personal injury settlement in February 2011 in the amount of $28,020. On March 31, 2011, Debtor filed her Chapter 13 bankruptcy petition. At the time of filing, Debtor had approximately $20,000 of the settlement fund in her back account. Debtor disclosed the personal injury settlement on her Schedule B, and she exempted the settlement in the amount of $28,020 on her Schedule C. The Trustee did not file an objection to that exemption. Debtor's Schedules indicate that she has no secured creditors and that her unsecured debt totals approximately $35,900. Debtor's filed Chapter 13 Plan (Docket No. 2) proposed a 36-month commitment period and provides for monthly payments of $200, which would result in a 12% dividend ($4,300) to unsecured creditors. On May 25, Trustee filed an Objection to Confirmation of Debtor's proposed Chapter 13 Plan (Docket No. 21), objecting in part to Debtor's failure to include the remaining personal injury settlement funds as disposable

1

income available to fund her Chapter 13 Plan. On July 11, 2011, the Court held a confirmation hearing, at which the Court heard the parties' arguments regarding Trustee's Objections. As noted, the two issued raised were: (1) whether the $20,000 proceeds from a personal injury lawsuit constitute "disposable income" available to fund Debtor's Chapter 13 Plan; and (2) whether Debtor proposed her plan in bad faith based on her failure to include the settlement proceeds in her Plan for payment to unsecured creditors. As noted, the Court indicated that it would first determine the "disposable income" issue, then, if necessary, it would schedule an evidentiary hearing with regard to the bad faith issue. As such, the only issue this opinion speaks to is whether the $20,000 proceeds from a personal injury lawsuit, an asset she received pre-petition and fully exempted, constitutes "disposable income" available to fund her Chapter 13 Plan pursuant to 11 U.S.C. § 1325(b)(1) and (2).

## II. **DISCUSSION**

In determining whether the personal injury settlement funds must be included as disposable income to fund the Debtor's Chapter 13 plan (and increase the dividend payable to unsecured creditors), it is useful to look at the basic structure of a Chapter 13 case under the Bankruptcy Code:

> Chapter 13 of the Bankruptcy Code provides bankruptcy protection to "individual[s] with regular income" whose debts fall within statutory limits. 11 U.S.C. §§ 101(30), 109(e). Unlike debtors who file under Chapter 7 and must liquidate their nonexempt assets in order to pay creditors, see §§ 704(a)(1), 726, Chapter 13 debtors are permitted to keep their property, but they must agree to a court-approved plan under which they pay creditors out of their future income, see §§ 1306(b), 1321, 1322(a)(1), 1328(a). A bankruptcy trustee oversees the filing and execution of a Chapter 13 debtor's plan. § 1322(a)(1); see also 28 U.S.C. § 586(a)(3).

*Hamilton v. Lanning*, ___ U.S. ___, 130 S. Ct. 2464, 2468-69 (2010).

> The source of future plan payments is the debtor's future earnings or other future income, § 1322(a), and the debtor is not required to commit pre-petition property to the repayment of pre-petition debts. § 1322(b)(8) ("[T]he plan may … (8) provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor . . . ."). *See also* § 109(e) (limiting eligibility to file Chapter 13 to individuals with regular income); *McDonald v. Burgie (In re Burgie),* 239 B.R. 406, 410 (9th Cir. BAP 1999) (same); *In re Ash'Shadi,* No. 04–55924, 2005 WL 1105039 at *1, 2005 Bankr.LEXIS 790 at *3 (Bankr.E.D.Mich. May 6, 2005) (" 'Postpetition disposable income does not

include prepetition property or its proceeds. This is the chapter 13 debtor's bargain. Creditors of a chapter 13 debtor have no claim to any of these assets.' ") (citation omitted); *In re Jacobs,* 263 B.R. 39, 40 (Bankr.N.D.N.Y.2001) ("[T]he $ 20,000 plus settlement proceeds received from the Lawyers Group represents the current appreciated value of the Debtors' scheduled interest in Colonial and C & L. The Chapter 13 trustee has no more right to that interest today than she had at confirmation simply by virtue of is [sic] appreciation in value.").

*In re Brumm*, 344 B.R. 795, 802-03 (Bankr. N.D. W. Va. 2006).

Section 1325 of Title 11 specifies circumstances under which a bankruptcy court "shall" and "may not" confirm a plan. § 1325(a), (b). If an unsecured creditor or the bankruptcy trustee objects to confirmation, § 1325(b)(1) requires the debtor either to pay unsecured creditors in full or to pay all "projected disposable income" to be received by the debtor over the duration of the plan.

"BAPCPA left the term 'projected disposable income" undefined but specified in some detail how "disposable income" is to be calculated." *Id*. at 2469. The Bankruptcy Code defines disposable income as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended" for the maintenance and support of the debtor and debtor's dependents, for qualifying charitable contributions, and for business expenses. 11 U.S.C. § 1325(b)(2).[1]

This Court adopts the position that "disposable income does not include prepetition property or its proceeds." *McDonald v. Burgie (In re Burgie)*, 239 B.R. 406, 410 (9th Cir. BAP 1999). The statutory language defining the income available to fund the plan consistently looks forward, not to the present or the past. 11 U.S.C. § 1325(b)(1)(B) ("all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan"). "Under a chapter 13 plan, the debtor is entitled to keep all of the debtor's prepetition property, whether or not it qualifies under the applicable exemption

---

[1] 11 U.S.C. § 1325(b)(2) states, in relevant part:

> For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with the applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended –
> (A)(i) for the maintenance and support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed . . . ; and
> (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

3

laws." *In re Burgie*, 239 B.R. at 411. In the context of Chapter 13, this reasoning and conclusion makes eminent sense. Chapter 13 contemplates making available an ongoing stream of regularly anticipated income out of which plan payments are to be calculated and made. This has to do with hard and reasonably predictable, continuing to be received, dollars derived from income (which could be earnings, dividends, interest, or from some other source). The situation in this case is akin to a situation where the debtor simply had $20,000 in a bank account saved from pre-petition earnings or resulting from a pre-petition sale or liquidation of an asset, or, to carry it further, the debtor had a liquid readily saleable asset of some sort. What is involved here are the proceeds of the pre-filing liquidation of a cause of action asset. While some objection to confirmation of a plan in such a situation involving relatively large amounts might be lodged on other, i.e.: good faith grounds (as it is here), the Trustee would not be successful in a challenge on the disposable income basis asserted here. In the Court's view, the cited akin situations and this are one and the same for purposes of disposing of this issue. Trustee's Objection is therefore overruled with respect to the "disposable income" portion of the objection. If the Trustee intends to further pursue the matter on bad faith grounds, an evidentiary hearing on such will be held on February 21, 2012 at 1:30 p.m.

.

                **Signed on December 01, 2011**
                                **/s/ Walter Shapero**
                          **Walter Shapero**
                          **United States Bankruptcy Judge**